IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

SAGAR DUHAN,

    Petitioner,

v.

KRISTI NOEM, Secretary, U.S. Department of Homeland Security; PAMELA BONDI, U.S. Attorney General; HECTOR RIOS, Warden of the Otero County Processing Center; TODD M. LYONS, Acting Director of Immigration and Customs Enforcement and Removal Operations; and MARY DE ANDA-YBARRA, Regional Director, Field Office Director of Enforcement and Removal Operations, Immigration and Customs Enforcement,

    Respondents.

Case No. 2:26-cv-00019-MIS-JFR

**ORDER GRANTING IN PART MOTION FOR EXTENSION OF TIME, CONTINUING PRELIMINARY INJUNCTION HEARING, AND ENJOINING RESPONDENTS FROM TRANSFERRING PETITIONER DURING THE PENDENCY OF THIS ACTION**

THIS MATTER is before the Court on the federal Respondents' Motion for Extension of Time to Respond to the Emergency Motion for Preliminary Injunction and Petition for Writ of Habeas Corpus ("Motion"), ECF No. 8, filed January 8, 2026. Respondents assert that "[t]he present timeline to respond in writing to a motion not served on the Respondents does not provide Respondents with sufficient time to consult the appropriate agencies, review the necessary documents, and prepare a defense." Mot. ¶ 5. They assert that "[r]equiring compliance with the currently scheduled timelines would produce an inadequate brief or record and prevent the Court from issuing a thorough and informed decision on the merits . . . ." Id. ¶ 11. They request that the Court extend the deadline to respond to the Emergency Motion for Preliminary Injunction to one

week after they are properly served with it, and request that the Court extend the deadline to respond to the Petition for Writ of Habeas Corpus to two weeks after they are properly served with it. Id. ¶ 13.  In this regard, the federal Respondents state that Petitioner's counsel did not properly serve them with the Emergency Motion and Petition pursuant to the Federal Rules of Civil Procedure because service did "not include a summons, as required under Rule 4(i)." Id. ¶ 14.

Petitioner Sagar Duhan filed a Response to the Motion on January 9, 2026 ("Response"). ECF No. 10.  Petitioner opposes any extension on the grounds that the federal Respondents do not actually need additional time to develop arguments and review the record to prepare their response, as the Government has litigated several hundred cases involving the same issue in recent weeks. Id. at 2.  Petitioner further argues that the federal Respondents are in possession of both the Emergency Motion and Petition, but he appears to concede that service did not include the Form Summons. Id. at 2-3.

To begin with, the Court did not relieve Petitioner of his obligation to properly serve Respondents pursuant to the Federal Rules of Civil Procedure.  A federal court may not exercise personal jurisdiction over a defendant (or respondent) unless he or she has been properly served.

> Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied. "[S]ervice of summons is the procedure by which a court having venue and jurisdiction of the subject matter of the suit asserts jurisdiction over the person of the party served." Mississippi Publishing Corp. v. Murphree, 326 U.S. 438, 444–445, 66 S.Ct. 242, 245–246, 90 L.Ed. 185 (1946). Thus, before a court may exercise personal jurisdiction over a defendant, there must be more than notice to the defendant and a constitutionally sufficient relationship between the defendant and the forum. There also must be a basis for the defendant's amenability to service of summons. Absent consent, this means there must be authorization for service of summons on the defendant.

Omni Cap. Int'l, Ltd. v. Rudolf Wolff & Co., Ltd., 484 U.S. 97, 104 (1987).  See also Okla. Radio Assocs. v. F.D.I.C., 969 F.2d 940, 943 (10th Cir. 1992) ("Rule 4 service of process provides the

mechanism by which a court having venue and jurisdiction over the subject matter of an action asserts jurisdiction over the person of the party served."); Limpin v. United States, Case No.: 17-CV-1729-JLS (WVG), 2017 WL 4870382, at *4 (S.D. Cal. Oct. 26, 2017) ("Plaintiff has not adequately effectuated service. Although Plaintiff has declared he served his Complaint and Motions on the U.S. Attorney's Office, (see ECF No. 1-2), Rule 4(i) of the Federal Rules of Civil Procedure requires that, in order to properly serve the United States or its agencies, corporations, or officers, a plaintiff must deliver a copy of the summons and the complaint to the U.S. Attorney's Office for the district in which the action is brought, as well as to the Attorney General of the United States. Therefore, the Court cannot grant Plaintiffs injunctive relief because it has no personal jurisdiction over Defendant at this time."). As such, the Court will grant the federal Respondents' an extension of the deadline to respond to the Emergency Motion and Petition until after they have been properly served (or have waived service).

However, the Court agrees with Petitioner that the Government's argument that it requires more time to develop arguments and review the record to prepare their response is spurious. Over the past several weeks, the Government has been required to defend at least several hundred virtually identical cases. They require very little factual development and turn almost entirely on a legal issue—specifically, an interpretation of the Immigration and Nationality Act—that the Government has briefed innumerable times. Significantly, the Government's argument has been rejected innumerable times, resulting in innumerable findings that these petitioners are being illegally detained. See, e.g., Intriago-Sedgwick v. Noem, No. 1:25-cv-01065-MIS-LF, 2025 WL 3688155 (D.N.M. Dec. 19, 2025), report and recommendation adopted No. 1:25-cv-01065-MIS-LF, ECF No. 27 (D.N.M. Jan. 6, 2026). Therefore, the Court will not grant Respondents' requested extension. Instead, the Court will extend the federal Respondents' deadline to respond to the

Emergency Motion for Preliminary Injunction and Petition for Writ of Habeas Corpus to <u>three days</u> after it is properly served with them. Counsel for Petitioner shall file a Certificate of Service on the docket when he has properly served Respondents.

The hearing on Petitioner's Emergency Motion for Preliminary Injunction is hereby **CONTINUED** and will promptly be reset by separate notice after the federal Respondents respond to the Emergency Motion for Preliminary Injunction.

To preserve the status quo in the interim, Respondents are **ENJOINED** from transferring Petitioner Sagar Duhan from the District of New Mexico while these proceedings remain pending.

*[signature: Margaret Strickland]*

**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE