IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

SAGAR DUHAN,

    Petitioner,

v.

KRISTI NOEM, Secretary, U.S. Department of Homeland Security; PAMELA BONDI, U.S. Attorney General; HECTOR RIOS, Warden of the Otero County Processing Center; TODD M. LYONS, Acting Director of Immigration and Customs Enforcement and Removal Operations; and MARY DE ANDA-YBARRA, Regional Director, Field Office Director of Enforcement and Removal Operations, Immigration and Customs Enforcement,

    Respondents.

Case No. 2:26-cv-00019-MIS-JFR

## ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS

**THIS MATTER** is before the Court on Petitioner Sagar Duhan's Petition for Writ of Habeas Corpus ("Petition"), ECF No. 1, filed January 6, 2026. Respondents Kristi Noem, Pamela Bondi, Todd Lyons, and Mary De Anda-Ybarra ("Federal Respondents")[1] filed a Response on January 27, 2026, ECF No. 20, to which Petitioner filed a Reply on January 29, 2026, ECF No. 22.

Also before the Court is Petitioner's Emergency Motion for Preliminary Injunction, ECF No. 3, filed January 7, 2026. The Federal Respondents filed a Response on January 27, 2026, ECF No. 19, to which Petitioner filed a Reply on January 29, 2026, ECF No. 22.

---

[1] Respondent Hector Rios, Warden of the Otero County Processing Center, did not file a response or otherwise appear in this case.

The Court set a hearing on Petitioner's Emergency Motion for Preliminary Injunction for February 2, 2026.  See ECF No. 21.  On January 30, 2026, the Court notified the Parties "that the Court is inclined to consolidate a trial on the merits of the Petition for Writ of Habeas Corpus with the Preliminary Injunction Hearing set for February 2, 2026, pursuant to Federal Rule of Civil Procedure 65(a)(2)."  ECF No. 23.  The Court ordered the Parties to file Notices of objection or non-objection to consolidation.  Id.  Both Parties filed Notices of Non-Objection to consolidation.  ECF Nos. 24, 25.

On February 2, 2026, the Court held a hearing on the Petition.  See Clerk's Mins. for Hr'g on Prelim. Inj., ECF No. 26.  At the outset of the hearing, both Parties agreed that the hearing may proceed without the presence of Warden Rios.[2]  See id.

The Court invited counsel for the Federal Respondents to explain why the facts of this case warrant a departure from the Court's prior orders in similar cases finding that 8 U.S.C. § 1226(a) governs the detention of noncitizens already present in the United States, rather than the mandatory detention provisions of Section 1225(b)(2).  See id.  Counsel for Respondents did not distinguish this case from other cases involving the detention of noncitizens already present in the United States—as opposed to noncitizens detained at a border crossing or port of entry—but argued that Petitioner is an applicant for admission seeking admission subject to mandatory detention under 8 U.S.C. § 1225(b)(2).  See id.

---

[2] It has become standard practice in these habeas cases for the warden of the relevant detention center to either appear and adopt the federal respondents' arguments, see, e.g., Intriago-Sedgwick v. Noem, Case No. 1:25-cv-01065-MIS-LF, Notice of Joinder In USA Respondents' Forthcoming Claims and Defenses, ECF No. 11 (D.N.M. Dec. 3, 2025), or not appear at all, see Francisco v. Dedos, Case No. 1:25-cv-01229-MIS-GJF, Proposed Findings and Recommended Disposition at 8, ECF No. 53 (D.N.M. Jan. 20, 2026).  Where the warden elects not to appear, the appearing parties agree that because the warden's position aligns with the federal respondents' position, the matter may proceed to a decision.  See id.

Ultimately, the Court found that the facts of this case are materially indistinguishable from prior cases the Undersigned Judge has decided involving habeas petitioners who were detained within the United States, rather than at a border crossing or port of entry, and adopted the findings contained in its Order Granting the Petition for Writ of Habeas Corpus in Lopez-Romero v. Lyons, Case No. 2:25-cv-0113-MIS-JHR, 2026 WL 92873 (D.N.M. Jan. 13, 2026). See id. Briefly, the Court found that 8 U.S.C. § 1226(a) governs Petitioner's detention,[3] his continued detention without a bond hearing violates his Fifth Amendment right to due process, and, as such, he is entitled to habeas relief. See id. The Court further found that Respondents had failed to articulate a legitimate interest in Petitioner's continued detention and ordered his immediate release. See id. The Court further ordered that Petitioner shall not be re-detained without a pre-deprivation bond hearing before a neutral Immigration Judge pursuant to 8 U.S.C. § 1226(a), at which the Government must prove by clear and convincing evidence that Petitioner is a danger or flight risk. See id. Finally, the Court retained jurisdiction to ensure compliance with its Order and to entertain any motions for attorneys' fees. See id. The Court hereby adopts the findings and conclusions it made at the February 2, 2026 hearing.

Accordingly, it is **HEREBY ORDERED** that:

1. Petitioner Sagar Duhan's Petition for Writ of Habeas Corpus, ECF No. 1, is **GRANTED**;

2. Respondents are **ORDERED** to immediately release Petitioner from detention;

---

[3] In support of this finding, the Court observed that the Notice to Appear issued to Petitioner by the Department of Homeland Security on May 11, 2023, identifies Petitioner as "an alien present in the United States who has not been admitted or paroled," and does not identify him as "an arriving alien." ECF No. 19-1. Additionally, counsel for Respondents stipulated at the hearing that U.S. Customs and Border Protection paroled Petitioner into the United States in 2023. See Clerk's Mins. at 1, ECF No. 26.

3

3. Respondents **SHALL NOT** re-detain Petitioner without a pre-deprivation hearing before a neutral Immigration Judge pursuant to 8 U.S.C. § 1226(a), at which the Government must prove by clear and convincing evidence that Petitioner is a danger or flight risk; and

4. The Court will separately enter Final Judgment in favor of Petitioner but retain jurisdiction over this matter to ensure compliance with this Order and to entertain any motions for attorneys' fees.

*Margaret Strickland*
_____
**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE